FILED BY _____ D.C.

05 AUG 29 PM 3: 46

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| DOROTHEA P. MARTIN, | X | |
| Plaintiff, | X | |
| vs. | X | No. 04-2413-Ma/V |
| GREYHOUND LINES, INC., | X | |
| Defendant. | X | |

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
ORDER OF DISMISSAL
ORDER DENYING REMAINING PENDING MOTIONS AS MOOT
AND
ORDER ASSESSING APPELLATE FILING FEE

Plaintiff Dorothea P. Martin filed an employment discrimination complaint under Title VII, 42 U.S.C. § 2000e-5, alleging that Greyhound Lines, Inc. (Greyhound) discriminated against her on the basis of her sex. On September 17, 2004, Greyhound filed its answer to plaintiff's complaint.

On October 22, 2004, Greyhound filed a motion to dismiss, along with a supporting memorandum. Plaintiff did not respond to the motion to dismiss. On July 20, 2005, Greyhound filed a motion for summary judgment, along with a memorandum in support and attached exhibits. On August 1, 2005, plaintiff Martin filed a "motion to deny Greyhound's motion to dismiss," which the Court construes as her response to the defendant's motion for summary

Document entered on the docket sheet in compliance
56 and/or 79(a) FRCP on 9-6-05

32

judgments. On August 9, 2005, Greyhound filed a response to plaintiff's motion.

The following undisputed facts appear in the record.

1. After completing Greyhound's driver training program, Plaintiff Martin was hired as an Extra Board Driver on November 16, 2002.

2. Plaintiff Martin was provided with Greyhound's Driver Rule Book. (Deposition of Martin; Exhibit A)

3. Plaintiff Martin signed a Driver Rule Book Acknowledgment dated September 25, 2002. (Deposition of Martin; Exhibit B)

4. The Driver rule Book contains the following rules:

> G-2 Discipline: Drivers may be disciplined or discharged for violation or infraction of any company rules, or for violation of federal, state, provincial or local laws.
>
> G-18 Reporting for Work: It is a driver's responsibility to report for duty in sufficient time as may be required and prescribed to perform their duties. Failure to report for work or to promptly notify a Company Supervisor of the inability to report for work or to report for work at the prescribed time, is cause for disciplinary action.

(Deposition of Martin; Exhibit C)

5. After one (1) month of employment with Greyhound, Ms. Martin booked off work five (5) times due to illness and two (2) times for personal reasons.

6. On December 21, 2002, Driver Supervisor James Jeffries, A.T.U. Shop Steward Karen Miller and Senior Driver Manager Sherman Hollins met with Plaintiff Martin to discuss her attendance issues.

7. When confronted about her attendance record, Plaintiff Martin claimed that she had not been sick when she booked off, but instead had been fatigued.

8. Ms. Martin explained that she had not seen a doctor, but had taken over the counter medication (Benedryl), which made her drowsy.

9. When asked if she was aware of her probationary status, Plaintiff Martin stated her understanding that being on probation meant that she could not miss too many days of work and have no accidents or customer complaints.

10. On December 26, 2002, Ms. Martin was terminated for her poor attendance record during her ninety (90) day probationary period.

11. The Collective Bargaining Agreement between Greyhound and the Amalgamated Transit Union contains the following provision:

    Article G-5 Probationary Period

    > Employees other than operators will be given a probationary period of 90 days from the date of employment. For operators, the 90 day probationary period will commence with the date of placement on the extra board or the day of assignment to a regular run, whichever comes first...

    > The grievance procedure is not applicable to the dismissal of employees during the 90 day probationary period... The probationary period for any employee may be extended by mutual agreement between the Company and the Union.

    (Deposition of Martin; Exhibit D)

12. Plaintiff Martin has no evidence that she was replaced by someone outside her protected class. (Deposition of Martin; Exhibit E)

The grounds for defendant's motion for summary judgment are:

A. Plaintiff Martin cannot establish a *prima facie* case of sex discrimination; and

B. Defendant has articulated legitimate, nondiscriminatory reasons for its employment decisions.

Under Rule 56©, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). So long as

3

the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," id. at 323, the nonmoving party then "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). If the nonmoving party is unable to make such a showing, summary judgment is appropriate. Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989). In considering a motion for summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986).

Pursuant to Rule 56(e), a "party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of her pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(citations omitted). A genuine issue of material fact exists "if the evidence [presented by the non-moving party] is such that a reasonable jury could return a verdict for the non-moving party." Id. In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

This Court thus must determine whether the defendant has established the absence of a genuine issue of material fact as to plaintiff's claim of sex discrimination under Title VII. When an employee brings an employment discrimination claim, she bears the burden of establishing a prima facie case of discrimination. See, e.g., United States Postal Serv. Bd. of Gov. v. Aikens, 460 U.S.

4

711 (1983); Texas Dept. of Com. Affairs v. Burdine, 450 U.S. 248 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

It is undisputed that plaintiff is a female who was ultimately terminated from her employment with the defendant. Plaintiff's complaint, deposition excerpts, and response, however, fail to relate any factual basis for any claim that the defendant made any materially adverse employment decision based upon her sex. Kocsis v. Multi-Care Management, Inc., 97 F.3d 876, 883 (6th Cir. 1996)(citing McDonnell Douglas, 411 U.S. at 802). Plaintiff has failed to allege or demonstrate that she was replaced by someone outside her protected class. Mitchell v. Toledo Hospital, 964 F.2d 577, 582-83 (6th Cir. 1992). Martin testified under oath that she has "no idea" whether she was replaced with a male driver. (Deposition of Martin; Exhibit E)

Furthermore, plaintiff Martin offers speculation and subjective conclusions which are inadequate to offset a properly supported summary judgment motion. Plaintiff's opinions do not satisfy her burden to offer facts or affidavits that would raise a genuine issue of fact regarding her claims. Conclusory allegations and subjective beliefs are "wholly insufficient evidence to establish a claim of discrimination as a matter of law." Mitchell, 964 F.2d at 585. Plaintiff has failed to present facts sufficient to establish a prima facie case of sex discrimination.

Furthermore, the defendant's dissatisfaction with the plaintiff's job attendance articulates a legitimate, nondiscriminatory reason for the decision to terminate plaintiff's

5

employment. Plaintiff Martin admits that she missed work during her probationary period (Plaintiff's response) and offers no facts to rebut the factual presentation by the defendant that her job attendance was unsatisfactory.

Martin alleges that she took Benedryl for the flu and, because Benedryl causes drowsiness, she was required to call in sick. Plaintiff does not dispute the number of absences she accumulated in a one-month period. She contends, however, that, because she "followed Greyhound rules" for calling in sick or "booking off", she should not have been terminated. Martin also alleges, in conclusory fashion, that she is the only driver "that was terminated for booking off for being sick" and "if [she] was not a female this would not have taken place." (Plaintiff's response) Although plaintiff alleges that she can prove that the defendant does "not terminate drivers for calling in sick or fatigued," she does not support her allegation with affidavits or exhibits.

Plaintiff's conclusory and speculative assertions about the defendant's motives for terminating her are insufficient to counter the documentation of her absences during the probationary period. Martin's generalized assertions do not carry her burden pf demonstrating the existence of a genuine issue of material fact. Accordingly, the defendant's motion for summary judgment is hereby GRANTED and the complaint is DISMISSED in its entirety. All other pending motions in this case are rendered MOOT by this determination and are DENIED.

The same considerations that lead the Court to grant the defendant's motion for summary judgment in this case also compel the conclusion that any appeal as to those claims would be frivolous. The plaintiff has failed to present any facts to support her claim of sex discrimination and, accordingly, cannot make a good faith argument that a genuine issue of material fact exists for trial. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

The Sixth Circuit Court of Appeals decisions in McGore v. Wrigglesworth, 114 F.3d 601, 612-13 (6th Cir. 1997) and Callihan v. Schneider, 178 F.3d 800 (6th Cir. May 28, 1999) apply to any appeal filed by the plaintiff. If the plaintiff files a notice of appeal, she must pay the entire $255 filing fee required by 28 U.S.C. §§ 1913 and 1917,[1] or attempt to renew her request for leave to appeal in forma pauperis by filing "within thirty days after service of the district court's decision as prescribed by Fed. R. App. P. 24(a)(4), a motion with [the Sixth Circuit] for leave to proceed as a pauper on appeal." Callihan, 1997 WL 336307 at *3. Under

---

[1] The fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the Clerk of the district court, by the appellant or petitioner.

<u>Callihan</u>, if the appellant does not file the required motion or pay the filing fee within the thirty-day period, her appeal will be dismissed for want of prosecution.  If the appeal is dismissed, it will not be reinstated once the fee is paid.  <u>Id.</u>

IT IS SO ORDERED this ___ day of August, 2005

/s/ Samuel H. Mays, Jr.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

8

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 32 in case 2:04-CV-02413 was distributed by fax, mail, or direct printing on September 6, 2005 to the parties listed.

---

Christopher W. Cardwell
GULLETT SANFORD ROBINSON & MARTIN
315 Deadrick St.
Ste. 1100
Nashville, TN 37219--888

Dorothea P. Martin
1750 Rollingwood Dr.
P.O. Box 4263
Tupelo, MS 38803

Mary Taylor gGallagher
GULLETT SANFORD ROBINSON & MARTIN
315 Deaderick St.
Ste. 1100
Nashville, TN 37219--888

Honorable Samuel Mays
US DISTRICT COURT